IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAFAEL M. NAVARRO,

    Plaintiff,

v.                                                              Case No. 5:18-cv-14-RH-GRJ

JAMES B. FENSOM, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* non-prisoner litigant, initiated this case by filing civil rights complaint pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Plaintiff was granted leave to proceed as pauper. (ECF No. 4.) The Court thereafter screened Plaintiff's complaint, identified a number of deficiencies, and directed Plaintiff to file an amended complaint by February 8, 2018. (*Id.*)

On February 9, 2018, however, Plaintiff filed a motion requesting the Court to reconsider its order directing him to file an amended complaint and instead requesting the Court to direct the United States Marshals Service to serve his original complaint. (ECF No. 5.) The Court denied Plaintiff's motion for reconsideration. (ECF No. 6.) Despite the untimeliness of Plaintiff's motion, the Court nonetheless provided Plaintiff a brief extension of time until February 26, 2018, to file his amended complaint as

directed in the Court's order dated January 18, 2018. (*Id.*) The Court advised Plaintiff that "[f]ailure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that this case be dismissed without further notice for failure to prosecute and for failure to comply with a Court order." (*Id.* at 6.) As of the date of this report and recommendation, however, Plaintiff has not filed an amended complaint as directed.

As the Court advised Plaintiff in detail in the January 18, 2018, order (ECF No. 4), Plaintiff's claims against the state court judge and against the clerk of the court cannot be pursued because, as alleged, the judge and the clerk would be subject to absolute immunity. And Plaintiff's claims against Portside—the condominium homeowner's association involved in the state court case about which Plaintiff complains— cannot be pursued under section 1983 because Portside is not—and cannot plausibly under any theory—be considered a state actor.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction

is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file an amended complaint, and despite a clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed without further notice, Plaintiff has failed to comply. The Plaintiff either has ignored the Court's order or determined on reflection not to pursue the claims in this case in federal court. Under either scenario the case is due to be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 1st day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.